# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CINDY HALABURDA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>BAUER PUBLISHING CO., LP, a Delaware Partnership,<br><br>        Defendant. | Case No. 2:12-cv-12831-GCS-RSW<br><br>Hon. George C. Steeh |
| DAVID GRENKE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>HEARST COMMUNICATIONS, INC., a Delaware Corporation,<br><br>        Defendant. | Case No. 2:12-cv-14221-GCS-MKM<br><br>Hon. George C. Steeh |
| SUSAN FOX, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>TIME, INC., a Delaware Corporation,<br><br>        Defendant. | Case No. 2:12-cv-14390-GCS-MKM<br><br>Hon. George C. Steeh |

## STIPULATION TO WITHDRAW
## <u>PLAINTIFFS' PENDING MOTIONS FOR CLASS CERTIFICATION</u>

      This Stipulation is entered into by and among Plaintiffs Cindy Halaburda, David Grenke,

and Susan Fox ("Plaintiffs"), and Defendants Bauer Publishing Co., LP, Hearst

1

Communications, Inc., and Time Inc. (collectively "Defendants"), by and through their respective counsel.

WHEREAS, on August 23, 2012, Plaintiff Halaburda filed her Amended Complaint in the case captioned *Halaburda v. Bauer Publishing Co., LP*, Case No. 2:12-cv-12831 (E.D. Mich);

WHEREAS, on September 24, 2012, Plaintiff Grenke filed his Complaint in the case captioned *Grenke v. Hearst Communications, Inc.*, Case No. 2:12-cv-14221 (E.D. Mich);

WHEREAS, on October 3, 2012, Plaintiff Fox filed her Complaint in the case captioned *Fox v. Time, Inc.*, Case No. 2:12-cv-14390 (E.D. Mich);

WHEREAS, at the time they their filed their Complaints, Plaintiffs also filed motions for class certification requesting, among other things, that the Court reserve ruling on the issue of class certification until after the Parties have had a sufficient opportunity to commence and complete discovery related to requirements of Fed. R. Civ. P. 23 for maintaining their cases as class actions. (Halaburda Dkt. 10; Grenke Dkt. 2; Fox Dkt. 2);

WHEREAS, Plaintiff Halaburda agreed to withdraw her pending motion for class certification if Defendant Bauer Publishing Co., LP, agreed not to, directly or indirectly, attempt to negotiate, settle, or otherwise "pick off" Plaintiff Halaburda's claims against it without the prior written consent of her counsel;

WHEREAS, on September 11, 2012, the Parties in the *Halaburda* case submitted a Stipulation for Court approval in which Plaintiff Halaburda agreed to withdraw her pending motion for class certification (Halaburda Dkt. 14) and the Court approved and entered the Stipulation on September 21, 2012 (Halaburda Dkt. 16);

WHEREAS, on December 3, 2012, the Defendants in each of the above-captioned cases

filed Motions to Dismiss their respective lawsuits.  (Halaburda Dkt. 29; Grenke Dkt. 18; Fox Dkt. 22);

WHEREAS, on January 8, 2013, Chief Judge Rosen entered an Order consolidating the three cases, for "the limited purpose of coordinated or consolidated pretrial proceedings for which joint resolution furthers judicial economy and consistency," and assigning them to this Court "until no longer required to promote judicial efficiency."  (Halaburda Dkt. 34; Grenke Dkt. 27; Fox Dkt. 33);

WHEREAS, on January 30, 2013, Plaintiffs in each of the above-captioned cases propounded discovery, consisting of document requests and interrogatories, on Defendants;

WHEREAS, on March 27, 2013, following oral argument, the Court reserved ruling on Defendants' Motions to Dismiss, and entered a stay of discovery pending resolution of the Motions to Dismiss. (Halaburda Dkt. 44; Grenke Dkt. 35; Fox Dkt. 41);

WHEREAS, on August 6, 2013, the Court granted in part and denied in part Defendants' Motions to Dismiss, and set Plaintiff Grenke's and Fox's pending Motions for Class Certification for hearing on August 21, 2013.  (Halaburda Dkt. 47; Grenke Dkt. 38; Fox Dkt. 43);

WHEREAS, Plaintiffs' counsel conferred with Defendants' counsel and agreed to withdraw Plaintiffs Grenke's and Fox's motions for class certification on condition that, in exchange, Defendants Time Inc. and Hearst Communications Inc. will not, directly or indirectly, without the prior written consent of Plaintiffs' counsel, attempt to negotiate or otherwise settle Plaintiffs Grenke's and Fox's claims (which is commonly referred to as a "pick off");

WHEREAS, Defendants Time Inc. and Hearst Communications Inc. have agreed that they will not, directly or indirectly, without the prior written consent of Plaintiffs' counsel, attempt to negotiate, settle, or otherwise "pick off" Plaintiffs Grenke's and Fox's claims;

3

**NOW THEREFORE,** the Parties stipulate as follows:

1. Plaintiff Grenke withdraws his pending Motion for Class Certification;

2. Plaintiff Fox withdraws her pending Motion for Class Certification;

3. Defendant Hearst Communications Inc. will not, directly or indirectly, attempt to negotiate, settle, or otherwise "pick off" Plaintiff Grenke's claims without the prior written consent of Plaintiff Grenke's counsel;

4. Defendant Time Inc. will not, directly or indirectly, attempt to negotiate, settle, or otherwise "pick off" Plaintiff Fox's claims without the prior written consent of Plaintiff Fox's counsel; and

5. The August 21, 2013 hearing on the Motions for Class Certification is cancelled.

6. This Stipulation is without prejudice to any argument the parties might have in support of or in opposition to any future motions for class certification.

**IT IS SO STIPULATED.**

                                    Respectfully submitted,

Dated: August 20, 2013        **Cindy Halaburda, David Grenke and Susan Fox,**
individually and on behalf of all others similarly situated,

By: /s/ Ari J. Scharg
One of Plaintiffs' Attorneys

Ari J. Scharg
J. Dominick Larry
EDELSON LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
ascharg@edelson.com
nlarry@edelson.com
*Counsel for Plaintiffs and the putative classes*

Brian C. Summerfield – P57514
BODMAN PLC

4

201 W. Big Beaver Road
Suite 500
Troy, Michigan 48084
Tel: (248) 743-6075
bsummerfield@bodmanlaw.com
*Counsel for Plaintiffs Cindy Halaburda, David Grenke, and the putative classes*

Henry M. Scharg
LAW OFFICE OF HENRY M. SCHARG
302 W. Main Street
Northville, Michigan 48167
Tel: (248) 596-1111
Fax: (248) 596-1578
hmsattyatlaw@aol.com
*Counsel for Plaintiff Susan Fox and the putative class*

| | |
|---|---|
| Dated: August 20, 2013 | **Bauer Publishing Co., LP, Hearst Communications, Inc., and Time Inc.** |

By: /s/ Sharon L. Schneier
One of Defendants' Attorneys

Sharon L. Schneier
Collin J. Peng-Sue
Davis Wright Tremaine LLP
1633 Broadway – 27th Floor
New York, New York 10019
Tel: (212) 489-8230
Fax: (212) 489-8340
sharonschneier@dwt.com
collinpengsue@dwt.com

Robert M. Jackson – P40732
Arthur T. O'Reilly – P70406
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue, Suite 2290
Detroit, Michigan 48226
Tel: (313) 465-7400
Fax: (313) 465-7401
rjackson@honigman.com
aoreilly@honigman.com

*Counsel for Defendants Bauer Publishing Co., LP, Hearst Communications, Inc., and Time Inc.*

5

**SO ORDERED.**

                                                  s/George Caram Steeh
                                                  United States District Judge

Dated: August 20, 2013