# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

CINDY HALABURDA, individually, and on
behalf of all others similarly situated,

               Plaintiff,

    v.

BAUER PUBLISHING CO., LP, a
Delaware Partnership,

               Defendant.

Case No. 2:12-cv-12831-GCS-RSW

[Hon. George C. Steeh]

[Magistrate Judge R. Steven Whalen]

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Cindy Halaburda ("Plaintiff"); (ii) the Settlement Class (as defined herein); and (iii) Defendant Bauer Publishing Co. L.P. ("Bauer" or "Defendant"). The Settlement Class and Plaintiff Halaburda are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiffs and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

**A.** This putative class action was filed on July 27, 2012, in the United States District Court for the Eastern District of Michigan. Plaintiff alleges Defendant disclosed its customers' personal information to third parties without permission in violation of the Michigan Video Rental Privacy Act, M.C.L. §§ 445.1711-15 ("VRPA") and in breach of its contracts with the putative class members. (Dkt. 1.)

**B.**     On August 28, 2012, following an initial exchange of information between the Parties, Plaintiff Halaburda filed an Amended Class Action Complaint.  (Dkt. 9.)

**C.**     Thereafter, on December 2, 2012, Defendant filed a motion to dismiss the Action under Rules 12(b)(1) and 12(b)(6), arguing that Plaintiff Halaburda lacked Article III standing and failed to state a claim upon which relief could be granted.  (Dkt. 29.)  Plaintiff filed her opposition brief on January 18, 2013 (Dkt. 35), and Defendant filed its reply brief on February 8, 2013 (Dkt. 37).

**D.**     On January 30, 2013, Plaintiff served Defendant with discovery, including interrogatories and requests to produce documents.  On February 20, 2013, while the motion to dismiss was still pending, Defendant moved to stay discovery, pending the resolution of the motion to dismiss.  (Dkt. 38.)  The Court granted Defendant's motion to stay on February 20, 2013. (Dkt. 44.)  On August 6, 2013, after full briefing and oral argument, the Court entered an Order denying in part and granting in part Defendant's motion to dismiss.  (Dkt. 47.)

**E.**     On August 22, 2013, Defendant filed a Motion for Amendment and Certification of Orders for Interlocutory Appeal and Stay Pending Appeal (Dkt. 50), to which Plaintiff responded on September 12, 2013 (Dkt. 52) and Defendant replied on September 26, 2013 (Dkt. 54).  That motion was later denied on December 23, 2013.  (Dkt. 58.)

**F.**     On October 3, 2013, the Court held a scheduling conference and entered an order setting discovery deadlines.  Following the conference, the Parties held a meet and confer conference to discuss certain scheduling and discovery issues, and discussed the possibility of a class-wide settlement.  To facilitate their discussions, the Parties filed a joint motion to extend the discovery deadlines, which the Court granted on December 3, 2013.  (Dkt. 57.)

**G.**     Over the course of the next several months, the Parties exchanged numerous

settlement proposals and continued to exchange informal discovery. While they made substantial progress toward a classwide settlement, however, the Parties were unable to resolve certain remaining issues.

**H.** Finally, on April 1, 2014, after several rounds of arm's-length negotiations, the Parties were able to resolve all remaining issues and reach an agreement on the principal terms of a settlement.

**I.** At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

**J.** Plaintiff believes that the claims asserted in the Action against Defendant have merit and that she would have prevailed at summary judgment or trial. Nonetheless, Plaintiff and Class Counsel recognize and acknowledge that Defendant has raised factual and legal defenses in the Action that present a risk that Plaintiffs may not prevail. Plaintiff and Class Counsel recognize also the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel also have taken into account the uncertain

outcome and risks of any litigation, especially in complex actions, as well as the difficulties

inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims

be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to the

terms set forth herein. Based on their evaluation, Class Counsel have concluded that the terms

and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and

that it is in the best interests of the Settlement Class to settle the claims raised in the Action

pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among

Plaintiff, the Settlement Class, and each of them, and Defendant, by and through their

undersigned counsel that, subject to final approval of the Court after a hearing or hearings as

provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties

from the Agreement set forth herein, that the Action and the Released Claims shall be finally and

fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon

and subject to the terms and conditions of this Agreement.

## AGREEMENT

1. **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified

below:

1.1    **"Action"** means *Halaburda v. Bauer Publishing Co. LP*, Case No. 12-cv-12831-

CGS-RSW, pending in the United States District Court for the Eastern District of Michigan.

1.2    **"Approved Claim"** means a Claim Form submitted by a Settlement Class

Member that: (a) is submitted timely and in accordance with the directions on the Claim Form

and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a

Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.

1.3 **"Bauer Publication"** means any one of the following magazines: *In Touch Weekly*, *Life & Style Weekly*, *Closer*, *J-14*, *Twist*, *M*, *Girls' World*, *Astrogirl, Quizfest, Yikes, Life Story*, *First for Women*, *Woman's World*, *Soaps in Depth*, and *iD Magazine*.

1.4 **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment, shall be available in electronic and paper format in the manner described below.

1.5 **"Claims Deadline"** means the date by which all Claims Forms must be postmarked or received to be considered timely and shall be set as a date no later than forty-five (45) days after entry of the Final Judgment. The Claims Deadline shall be clearly set forth in the Order for Notice and Hearing as well as in the Notice and the Claim Form.

1.6 **"Class Counsel"** means Jay Edelson, Ari J. Scharg, and James D. Larry of Edelson PC.

1.7 **"Class Representative"** means the named Plaintiff in this Action, Cindy Halaburda.

1.8 **"Court"** means the United States District Court for the Eastern District of Michigan, Southern Division, the Honorable George C. Steeh presiding, or any judge who shall succeed him as the Judge in this Action.

1.9 **"Defendant"** means Bauer Publishing Co. LP, a New Jersey limited partnership, the defendant in the Action, as well as Heinrich Bauer Publishing LP, a Delaware limited

partnership, Bauer Magazine LP, a Delaware limited partnership, Heinrich Bauer North America, a Delaware corporation and Bauer Media Group Inc., a Delaware corporation.

**1.10** **"Defendant's Counsel"** means Sharon L. Schneier and Stephen M. Rummage of Davis Wright Tremaine LLP.

**1.11** **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.12** **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendant into the Escrow Account and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

**1.13** "**Fee Award**" means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.14** **"Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all

proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

      **1.15**    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representative.

      **1.16**    **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

      **1.17**    **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits B, C, and D hereto.

      **1.18**    **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.2 is complete, which shall be no later than thirty-five (35) days after entry of the Preliminary Approval Order.

      **1.19**    **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.2(g), or such other date as ordered by the Court.

      **1.20**    **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal

representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

      **1.21**     **"Plaintiffs"** means Cindy Halaburda and the Settlement Class Members.

      **1.22**     **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

      **1.23**     **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

      **1.24**     **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VRPA or other federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' Subscription Information, including all claims that were brought or could have been brought in

the Action relating to the disclosure of such information belonging to any and all Releasing Parties.  Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendant.

 **1.25**   **"Released Parties"** means Defendant Bauer, as defined in 1.9, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

 **1.26**   **"Releasing Parties"** means Plaintiff, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

 **1.27**   **"Remaining Settlement Funds"** means the amount of the Settlement Fund remaining after payment of all Approved Claims to the Settlement Class including any *pro rata* increase as set forth in Paragraph 2.2, as well as Settlement Administration Expenses, the incentive award to the Class Representative, and the Fee Award to Class Counsel.  In no event shall any funds remaining in the Settlement Fund revert to the Defendant.

**1.28** **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims, responding to inquiries from members of the Settlement Class, mailing checks for Approved Claims, and related services.

**1.29** **"Settlement Administrator"** means Epiq Systems, Inc., or such other reputable administration company that has been selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement.

**1.30** **"Settlement Class"** means all Persons in the state of Michigan that subscribed to any Bauer Publication and subsequently had their Subscriber Information disclosed by Bauer to a third party.  Excluded from the Settlement Class are the following: the Defendant, Class Counsel, the Settlement Administrator, and any respective parent, subsidiary, affiliate or control person of the Defendant or its officers, directors, agents, servants, or employees as of the date of filing of the Action, and any judge presiding over the Action.

**1.31** **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

**1.32** **"Settlement Fund"** means a cash settlement fund that shall be established by Defendant in the amount of Seven Hundred and Seventy Five Thousand Dollars ($775,000.00) to be deposited into the Escrow Account.  Defendant shall fund this amount within fourteen (14) days after the entry of the Preliminary Approval Order.  From this Settlement Fund, the Settlement Administrator shall pay all Approved Claims under this Agreement, all Settlement Administration Expenses, any incentive awards to the Class Representatives, and the Fee Award to Class Counsel.  The Settlement Fund includes all interest that shall accrue on the sums

deposited in it. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the limit and total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total financial liability with respect to this Agreement exceed or be less than Seven Hundred and Seventy Five Thousand Dollars ($775,000.00), plus the interest earned on the Settlement Fund.

     1.33   **"Subscriber Information"** means the combination of a Person's name and the title(s) of the Bauer Publication(s) to which such Person currently subscribes and/or has previously subscribed to.

     1.34   **"Unknown Claims"** means claims that could have been raised in the Action and that the Plaintiffs, or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this paragraph.

**2.**    **SETTLEMENT RELIEF.**

     2.1   **Prospective Relief.** Defendant agrees to implement the following policies to provide enhanced protections to Michigan subscribers of its publications for a period of four (4) years from the date of entry of the Preliminary Approval Order:

           **(a)**    Defendant shall maintain an online privacy policy (the "Privacy Policy")

that contains (i) its policy regarding the disclosure of Subscriber Information to third party marketers, (ii) a statement informing subscribers of their ability to opt out, and (iii) instructions on how subscribers wishing to opt out may do so (the "Opt Out Instructions"), which shall include a mechanism by which subscribers may effectuate such requests free of charge, such as via U.S. mail, email, toll-free call, or toll-free facsimile.

       **(b)**     Defendant shall comply with opt out requests from Michigan subscribers within thirty (30) days of receipt; provided, however, that if the request does not follow the instructions set forth in the Privacy Policy, Defendant shall comply with that request to the extent practicable within one hundred fifty days (150) days. Defendant shall refrain from disclosing the Subscriber Information of new subscribers for thirty (30) days from the date of purchase.

       **(c)**     Defendant shall direct new Michigan subscribers, who purchase their Bauer Publications subscription(s) directly from Defendant, to view its online Privacy Policy by including a written notice to that effect on its printed, online, and electronic materials that it disseminates in connection with first-time subscription orders. Further, Defendant shall use its commercially reasonable best efforts when negotiating, renegotiating, extending, or renewing contracts with third party companies authorized to sell Bauer Publications subscription(s) to require such companies to provide the notice required under this Paragraph to the extent practicable.

       **(d)**     The Notice described in Paragraph 4.2, below, shall (i) notify Class Members that Subscriber Information may be disclosed to third party marketers, (ii) state that Settlement Class Members have the ability to opt-out of having their Subscriber Information disclosed to third party marketers, (iii) provide the Opt-Out Instructions, and (iv) provide instructions on how to access the Privacy Policy. Further, Defendant shall provide the

Settlement Class with an opportunity to opt out of future disclosures to third parties through the Claim Form.

(e)     In lieu of Paragraphs (a)-(d) above, Defendant may, at its option, implement a policy to not disclose any Michigan subscriber's Subscriber Information to any third party marketers, unless it has received prior express written authorization to do so.

**2.2     Payments to Settlement Class Members.**

(a)     Settlement Class Members shall have until the Claims Deadline to submit an Approved Claim.  The Settlement Administrator shall pay or cause to be paid from the Settlement Fund the sum of One Hundred and Seventy-Five Dollars ($175.00) to each Settlement Class Member who files an Approved Claim, subject to a possible *pro rata* increase or reduction as follows.  If the total amount required to pay One Hundred and Seventy-Five Dollars ($175.00) for each Approved Claim would exceed the amount remaining in the Settlement Fund after payment of all Settlement Administration Expenses, the incentive award to the Class Representative, and the Fee Award to Class Counsel, then each Settlement Class Member with an Approved Claim shall receive a *pro rata* share of the Settlement Fund remaining after payment of such amounts.  Conversely, in the event that any amounts remain in the Settlement Fund after allocating One Hundred and Seventy-Five Dollars ($175.00) for each Approved Claim and payment of all Settlement Administration Expenses, the incentive award to the Class Representative, and the Fee Award to Class Counsel, then each Settlement Class Member with an Approved Claim shall receive a *pro rata* increase to their settlement payment, up to an amount not to exceed the statutory maximum amount allowed under M.C.L. § 445.1715(a).  To the extent any funds remain after accounting for such increased settlement payments, then such funds shall, subject to Court approval, revert to the Michigan Bar Foundation's Access to Justice

Fund.

**(b)** Within forty-five (45) days after the Effective Date has occurred, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund Approved Claims by check and mail them to the claiming Settlement Class Members via first-class mail, unless payment of such Claims is under challenge pursuant to Paragraph 5.3 below.

**(c)** All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that a check issued to a Settlement Class Member is not cashed within ninety (90) days after the date of issuance, such funds shall, subject to Court approval, revert to the Michigan Bar Foundation's Access to Justice Fund.

**3. RELEASES.**

**3.1** The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2** Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**4. NOTICE TO THE CLASS.**

**4.1** Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice describing the Final Approval Hearing and the terms of the Settlement Agreement embodied herein and the Claim Form be disseminated to the Settlement Class. Such notice shall comport with due process and Federal Rule of Civil Procedure 23. The costs of notice shall be Settlement Administration Expenses.

**4.2** The Notice Plan shall consist of the following:

(a) *Settlement Class List.*  No later than five (5) business days after entry of the Preliminary Approval Order, Defendant shall produce an electronic list from its records that includes the names, last known U.S. Mail addresses, and email addresses, to the extent available, belonging to persons within the Settlement Class.  This electronic document shall be called the "Class List," and shall be provided to the Settlement Administrator with a copy to Class Counsel.

(b) *Direct Notice.*  To the extent that email addresses are available for Settlement Class Members, the Settlement Administrator shall send Notice to those Settlement Class Members via email substantially in the form attached as Exhibit B, along with an electronic link to the Claim Form, by no later than twenty-one (21) days after the entry of the Preliminary Approval Order, or by such other date as determined by the Court.  In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.  In addition, the Settlement Administrator shall send Notice substantially in the form attached as Exhibit C, and an accompanying Claim Form with return of postage pre-paid, to each physical address contained in the Class List through First Class U.S. Mail by no later than twenty-one (21) days after the entry of the Preliminary Approval Order, or by such other date as determined by the Court.

(c) *Settlement Website.*  Within ten (10) days following the entry of the Preliminary Approval Order, Notice shall be provided on a website at www.michiganmagazinesettlement.net, which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line, provided that such Claim Forms, if signed electronically, will be binding for purposes of applicable law and contain a statement to that effect.  The Notice on the settlement website shall be substantially in

the form of Exhibit D hereto.

> **(d)** *CAFA Notice.* Not later than ten (10) days after the Agreement is filed
with the Court, the Settlement Administrator shall notify the appropriate state and federal
officials of this Agreement pursuant to 28 U.S.C. § 1715.

4.3    The Notice shall advise the Settlement Class of their rights, including the right to
be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms.
The Notice shall specify that any objection to the Settlement Agreement, and any papers
submitted in support of said objection, shall be considered by the Court at the Final Approval
Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and
specified in the Notice, the Person making an objection files notice of an intention to do so and at
the same time (a) files copies of such papers he or she proposes to be submitted at the Final
Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class
Member represented by counsel, files any objection through the Court's CM/ECF system, and
(b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and
Defendant's Counsel.

4.4    Any Settlement Class Member who intends to object to this Agreement must
present the objection in writing, which must be personally signed by the objector, and must
include: (1) the objector's name and address; (2) an explanation of the basis upon which the
objector claims to be a Settlement Class Member, including the Bauer Publication to which he or
she is or was a subscriber; (3) all grounds for the objection, including all citations to legal
authority and evidence supporting the objection; (4) the name and contact information of any and
all attorneys representing, advising, or in any way assisting the objector in connection with the
preparation or submission of the objection or who may profit from the pursuit of the objection

(the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

4.5     If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption.

4.6     A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.  To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the name of the Bauer Publication to which he or she is a subscriber, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement.  A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved.  Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.  The request for exclusion must be personally signed by the Person requesting

exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.  To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

4.7    The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.2(e) is provided or such other time as the Court shall set.

4.8    Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class or timely file a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

5.    **SETTLEMENT ADMINISTRATION.**

5.1    The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement.  Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator,

including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims.  Without limiting the foregoing, the Settlement Administrator shall:

  **(a)** Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

  **(b)** Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof.  If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

  **(c)** Provide bi-weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator;

  **(d)** Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice;

  **5.2** The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud.  The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement, or (b) provide

full and complete information as requested on the Claim Form.  In the event a Person submits a timely Claim Form by the Claims Deadline where the Person appears on the Settlement Class List but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such Person one (1) reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than thirty (30) calendar days after the Claims Deadline.  In the event the Settlement Administrator receives such information more than thirty (30) days after the Claims Deadline, then any such claim shall be denied.  The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

 **5.3** Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members.  The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form.  To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the Settlement Administrator shall timely decide such challenge.

 **5.4** In the exercise of their duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

**6.** **TERMINATION OF SETTLEMENT.**

 **6.1** Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary

Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final

approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final

Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is

modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or

(v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this

Agreement is modified or reversed in any material respect by the Court of Appeals or the

Supreme Court.

     **6.2**     If prior to the Final Approval Hearing, any Persons who otherwise would be

Settlement Class Members have timely requested exclusion from the Settlement Class in

accordance with the provisions of the Preliminary Approval Order and the number of such

Persons seeking exclusion exceeds two hundred and fifty (250), then Defendant shall have, in its

sole and absolute discretion, the option to terminate the Settlement Agreement, thus returning the

Parties' positions to the *status quo ante*.  In order to make such an election, the Defendant must

serve written notice of termination on the Court and Class Counsel by hand delivery or overnight

courier within seven (7) business days after being informed in writing by the Settlement

Administrator that there are two hundred and fifty (250) or more such requests for exclusion

timely filed.

**7.**     **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

     **7.1**     Promptly after the execution of this Settlement Agreement, Class Counsel shall

submit this Agreement together with its Exhibits to the Court and shall move the Court for

Preliminary Approval of the settlement set forth in this Agreement; certification of the

Settlement Class for settlement purposes only; appointment of Class Counsel and the Class

Representative; and entry of a Preliminary Approval Order, which order shall set a Final

Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of Exhibits A, B, C, and D hereto.  The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Final Judgment and do not limit or impair the rights of the Settlement Class.

    **7.2**    At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

    **7.3**    After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

    **(a)**    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

    **(b)**    approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

    **(c)**    find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is

reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)     find that the Class Representative and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

(e)     dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement;

(f)     incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

(g)     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the respective Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

(h)     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

(i)     incorporate any other provisions, as the Court deems necessary and just.

**8.     CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

**8.1**    Defendant has agreed that a portion of the Settlement Fund may be used to pay Class Counsel's reasonable attorneys' fees and to reimburse expenses in the Action in the amount that is determined by the Court as the Fee Award after petition by Class Counsel.  Defendant may oppose Class Counsel's petition for attorneys' fees and expenses, in whole or in part.  Class Counsel shall, within three business (3) days after the Effective Date, be paid the Fee Award from the Settlement Fund, unless there are no objections to the Settlement Agreement, in which case such, payment shall be made within three (3) days of the entry of the Final Judgment.  Class Counsel agrees that any Fee Award approved by the Court shall be paid solely out of the Settlement Fund and shall not increase Defendant's total financial liability with respect to this Agreement.  Any payment of the Fee Award from the Settlement Fund shall be paid via electronic transfer to an account designated by Class Counsel by providing necessary information for electronic transfer to the Settlement Administrator.

**8.2**    In addition to any claim amount to which she may be entitled under Paragraph 2.1(a), and in recognition of her efforts on behalf of the Settlement Class, the Class Representative, Cindy Halaburda, shall, subject to the approval of the Court, be awarded an incentive award in the amount of $5,000.00.  The Class Representative shall be paid the Court-approved incentive award from the Settlement Fund (in the form of a check to the Class Representative that is sent care of Class Counsel) within three (3) business days after the Effective Date, unless there are no objections to the Settlement Agreement, in which case, such payment shall be made within three (3) days of the entry of the Final Judgment.

**9.     CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**9.1**    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the

following events occurs:

      **(a)**     The Parties and their counsel have executed this Agreement;

      **(b)**     The Court has entered the Preliminary Approval Order;

      **(c)**     The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

      **(d)**     The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

      **9.2**     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties. Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the incentive award set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

      **9.3**     If this Agreement is terminated or fails to become effective for the reasons set

forth in Paragraphs 6.1 and 9.1-9.2 above, the Parties shall be restored to their respective

positions in the Action as of the date of the signing of this Agreement.  In such event, any Final

Judgment or other order entered by the Court in accordance with the terms of this Agreement

shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante*

with respect to the Action as if this Agreement had never been entered into.

**10.    MISCELLANEOUS PROVISIONS.**

**10.1**    The Parties (a) acknowledge that it is their intent to consummate this Settlement

Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to

the extent reasonably necessary to effectuate and implement all terms and conditions of this

Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and

conditions of this Agreement, to secure final approval, and to defend the Final Judgment through

any and all appeals.  Class Counsel and Defendant's Counsel agree to cooperate with one another

in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the

Final Judgment, and promptly to agree upon and execute all such other documentation as may be

reasonably required to obtain final approval of the Agreement.

**10.2**    The Parties intend this Settlement Agreement to be a final and complete

resolution of all disputes between them with respect to the Released Claims by Plaintiff, the

Settlement Class and each or any of them, on the one hand, against the Released Parties, and

each or any of the Released Parties, on the other hand.  Accordingly, the Parties agree not to

assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or

any of them, in bad faith or without a reasonable basis.

**10.3**    The Parties have relied upon the advice and representation of counsel, selected by

them, concerning their respective legal liability for the claims hereby released.  The Parties have

read and understand fully the above and foregoing agreement and have been fully advised as to

the legal effect thereof by counsel of their own selection and intend to be legally bound by the

same.

**10.4** Whether or not the Effective Date occurs or the Settlement Agreement is

terminated, neither this Agreement nor the settlement contained herein, nor any act performed or

document executed pursuant to or in furtherance of this Agreement or the settlement:

**(a)** is, may be deemed, or shall be used, offered or received against the

Released Parties, or each or any of them, as an admission, concession or evidence of, the validity

of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any

defense that has been or could have been asserted in the Action, the violation of any law or

statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged

wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

**(b)** is, may be deemed, or shall be used, offered or received against

Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission

with respect to any statement or written document approved or made by the Released Parties, or

any of them;

**(c)** is, may be deemed, or shall be used, offered or received against the

Released Parties, or each or any of them, as an admission or concession with respect to any

liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal

or administrative proceeding in any court, administrative agency or other tribunal.  However, the

settlement, this Agreement, and any acts performed and/or documents executed in furtherance of

or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be

necessary to effectuate the provisions of this Agreement.  Further, if this Settlement Agreement

is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

       **(d)** is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

       **(e)** is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

       **10.5** The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

       **10.6** The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

       **10.7** All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

       **10.8** This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations,

agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.9** Except as otherwise provided herein, each Party shall bear its own costs.

**10.10** Plaintiff represents and warrants that she has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that she is fully entitled to release the same.

**10.11** Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.12** This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.13** This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.14** The Court shall retain jurisdiction with respect to implementation and

enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.15**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Michigan.

**10.16**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties.  Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.17**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Ari Scharg, Edelson PC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654; Sharon L. Schneier, Davis Wright Tremaine LLP, 1633 Broadway, 27th Floor, New York, New York 10019.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.
SIGNATURE PAGE FOLLOWS]

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: August 27, 2014

CINDY HALABURDA

By: _Cindy Halaburda_
Cindy Halaburda, individually and as representative
of the Class

Dated: August __, 2014

BAUER PUBLISHING CO., LP

By: _____

Its: _GENERAL COUNSEL_

**IT IS SO STIPULATED BY COUNSEL:**

Dated: August 28, 2014

EDELSON PC

By: _____
Jay Edelson
Rafey S. Balabanian
Ari J. Scharg
James D. Larry
*Attorney for Plaintiff and the Class*

Dated: August __, 2014

DAVIS WRIGHT TREMAINE LLP

By: _____
Sharon L. Schneier
Stephen M. Rummage
*Attorneys for Defendant*

31

# EXHIBIT A

### MAGAZINE SUBSCRIBER PRIVACY SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____    _____    _____

Street Address: _____

City: _____    State: ____ ____    Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___ ) ___ ___ ___ − ___ ___ ___ ___   (You may be contacted if further information is required.)

<u>Opt-Out of Marketing Disclosures</u>: If you would like to remove your name and address from subscriber lists that Defendant provides to third parties for marketing purposes, check here.  □

<u>Class Member Verification</u>: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (each box must be checked to receive a payment):

□  I am a resident of the State of Michigan and have subscribed to at least one of the following magazines before [DATE OF PRELIMINARY APPROVAL]: In Touch Weekly, Life & Style Weekly, Closer, J-14, Twist, M, Girls' World, Astrogirl, Quizfest, Yikes, Life Story, First for Women, Woman's World, Soaps in Depth, or iD Magazine.

□ Before subscribing, I was unaware that the magazine publisher would disclose information about me or my subscription to third parties for marketing purposes.

□ Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____    Date: ___ ___ / ___ ___ / ___ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form.  If accepted, you will be mailed a check for $175 or a greater or lesser *pro rata* share depending on the number of valid claim forms received. This process takes time.  Please be patient.

**Questions, visit www.michiganmagazinesettlement.net or call [toll free number]**

2:12-cv-12881-GCS-RSW Doc # 62-1 Filed 05/05/14 Pg 35 of 47 Pg ID 990

# EXHIBIT B

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Halaburda v. Bauer Publishing Co., LP*, No. 12-cv-12831-GCS-RSW
**(United States District Court for the Eastern District of Michigan)**

This notice informs you of the settlement of a class action lawsuit with magazine publisher Bauer Publishing Co, LP., the Defendant in the case identified above. Plaintiff Cindy Halaburda alleges Defendant disclosed its customers' subscription information to third parties for marketing purposes without permission, in violation of Michigan privacy law and in breach of Defendant's contracts with its customers.  Defendant denies any wrongdoing, but has agreed to settle the claims against it.

**Am I included?** You are included if you live in the state of Michigan and subscribed to *In Touch Weekly*, *Life & Style Weekly*, *Closer*, *J-14*, *Twist*, *M*, *Girls' World*, *Astrogirl*, *Quizfest*, *Yikes*, *Life Story*, *First for Women*, *Woman's World*, *Soaps in Depth*, or *iD Magazine*. More information is available at: www.michiganmagazinesettlement.net.

**What do I get?** Defendant will establish a Settlement Fund of $775,000.00 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award to the class representative. If you are entitled to relief, you may submit a claim to receive an estimated cash payment of $175.00, which may go up or down depending on the number of valid claims submitted. The Settlement also requires Defendant to inform its customers that their subscription information may be disclosed to third parties for marketing purposes and provide a simple way for its customers to opt out of those disclosures.

**How do I receive a payment?**  To receive a payment, you must submit a claim form by mail or online. You may submit the claim form online at www.michiganmagazinesettlement.net or download a claim form from the website and submit it to the Claims Administrator by mail. You may also request a paper copy of the claim form by writing to the Claims Administrator at the address below, or by calling toll-free [phone number]. Your claim form must be submitted online, or postmarked, by [date] or 45 days after the Court issues an order granting final approval, whichever comes later.

**Additional rights.** To get out of the Settlement, you must exclude yourself by [DATE]. If you stay in the Settlement, you will not be able to sue Defendant for any claims released as part of the Settlement. If you disagree with any part of the Settlement and do not exclude yourself, you may object to the Settlement by [DATE]. The Court will hold a hearing on [DATE] at [TIME] a.m. to consider whether to approve the Settlement as well as the request for attorneys' fees (up to 33% of the Settlement Fund), expenses, and a class representative award of $5,000. The Court has appointed attorneys to represent the Settlement Class.  However, you may hire a separate attorney to represent you at your own expense.

**For more information**, including a more detailed notice, claim forms, a copy of the Settlement Agreement and other court documents, please visit www.michiganmagazinesettlement.net, call [phone number], or write to the Claims Administrator at [address].

# EXHIBIT C

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

Magazine Subscriber Privacy Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

First-Class
Mail
US Postage
Paid
Permit #__

## OUR RECORDS INDICATE YOU HAVE SUBSCRIBED TO A BAUER PUBLISHING MAGAZINE AND MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

|||||||||||||||||||||||
Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

## XXX

---

### MAGAZINE SUBSCRIBER PRIVACY SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.
Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____   State: ____ ____   Zip Code: ____ ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___ ) ___ ___ ___ − ___ ___ ___ ___   (You may be contacted if further information is required.)

Opt-Out of Marketing Disclosures: If you would like to remove your name and address from lists that Defendant provides to third parties for marketing purposes, check here □

Class Member Verification: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (each box must be checked to receive a payment):

□ I am a resident of the State of Michigan and have subscribed to at least one of the following magazines before [DATE OF PRELIMINARY APPROVAL]: In Touch Weekly, Life & Style Weekly, Closer, J-14, Twist, M, Girls' World, Astrogirl, Quizfest, Yikes, Life Story, First for Women, Woman's World, Soaps in Depth, or iD Magazine.

□ Before subscribing, I was unaware the magazine publisher would disclose my subscription information to third parties for marketing purposes.

□ Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____   Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form, if accepted you will be mailed a check for $175 or a greater or lesser *pro rata* share depending on the number of valid claim forms received. This process takes time.  Please be patient.

**Questions, visit www.michiganmagazinesettlement.net or call [toll free number]**

NO POSTAGE
NECESSARY
IF MAILED IN
THE UNITED
STATES

A settlement has been reached in a class action lawsuit claiming that Defendant magazine publisher Bauer Publishing Co. disclosed its customers' subscription information without permission to third parties for marketing purposes. The Plaintiff claims the disclosure of this information violated Michigan privacy law and breached Defendant's contracts with its customers. The Defendant denies it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are Michigan residents who subscribed to one or more of these magazines: In Touch Weekly, Life & Style Weekly, Closer, J-14, Twist, M, Girls' World, Astrogirl, Quizfest, Yikes, Life Story, First for Women, Woman's World, Soaps in Depth, and iD Magazine.

**What Can I Get?** If the Court approves, Defendant will establish a Settlement Fund of $775,000.00 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an award to the class representative. If you are entitled to relief, you may submit a claim to receive an estimated cash payment of $175.00, which may go up or down depending on the number of valid claims submitted. The Settlement requires Defendant to inform its customers that their subscription information may be disclosed for marketing purposes and provide a way for customers to opt out of such disclosures.

**How Do I Get a Payment?** You must submit a timely and properly completed Claim Form **no later than [claims deadline]**. You may use the Claim Form attached to this Notice or submit one online at www [website] net.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than [**objection/exclusion deadline**]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www [website] net. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure or subscriber information in this case against the Defendant will be released.

**Who Represents Me?** The Court has appointed lawyers Jay Edelson, Ari J. Scharg, and James D. Larry from Edelson PC to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____ .m. on [date] at the Theodore Levin United States Courthouse, Courtroom 236, 231 W. Lafayette Blvd., Detroit, MI 48226. At that hearing, the Court will hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative $5,000 from the Settlement Fund for her services in helping to bring and settle this case. Defendant has agreed to pay Class Counsel in an amount to be determined by the Court. Class Counsel will seek no more than 33% of the Settlement Fund plus costs; the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www [website] net, contact the settlement administrator at 1-___-___-____ or Magazine Subscriber Privacy Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015

_____

_____

_____

Magazine Subscriber Privacy Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

# XXX

EXHIBIT D

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN**
*Halaburda v. Bauer Publishing Co., LP,* Case No. 2:12-cv-12831-GCS-RSW

**IF YOU SUBSCRIBED TO A BAUER PUBLISHING MAGAZINE PRIOR TO [DATE OF PRELIMINARY APPROVAL], YOU MAY BE PART OF A CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- The parties have reached a Settlement in a class action lawsuit against magazine publisher Bauer Publishing Co, LP, who is the Defendant. The class action lawsuit involves allegations that Bauer disclosed without permission information about its subscribers and their subscriptions to third parties for marketing purposes in violation of Michigan privacy law and in breach of Bauer's contracts with its customers.

- You are included if you are a Michigan resident who subscribed to one or more of the following magazines: *In Touch Weekly*; *Life & Style Weekly*; *Closer*; *J-14*; *Twist*; *M*; *Girls' World*; *Astrogirl*; *Quizfest*; *Yikes*; *Life Story*; *First for Women*; *Woman's World*; *Soaps in Depth*; *iD Magazine*.

- Those included in the Settlement will be eligible to receive an estimated payment of $175. Bauer has also agreed to put in place procedures to inform subscribers that information about them and their subscriptions may be disclosed to third parties and provide a simple way for people to opt-out of these disclosures.

- Please read this notice carefully. Your legal rights are affected whether you act or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. You can do this only if you don't exclude yourself. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. You can do this only if you don't exclude yourself. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

# BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable George C. Steeh, of the U.S. District Court for the Eastern District of Michigan (Detroit), is overseeing this case. The case is known as *Halaburda v. Bauer Publishing Co., LP*, No. 12-cv-12831-GCS. The person who sued is called the Plaintiff. The Defendant is Bauer Publishing Co, LP.

### 2. What is a Class Action?

In a class action, one or more people called class representatives (in this case, Cindy Halaburda) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

### 3. What is this Lawsuit about?

This lawsuit claims that Defendant disclosed without permission personal information about its subscribers—including full names, addresses, and magazine subscription titles—to third parties for marketing purposes. The Plaintiff claims the disclosure of this information violated Michigan's Video Rental Privacy Act, M.C.L. § 445.1712 ("VRPA") and breached Defendant's contracts with its customers. The Michigan VRPA prohibits the disclosure of consumers' reading choices, among other things, and provides statutory damages in the amount of $5,000. The Defendant denies it violated any law.

The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than years from now, if at all.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court decided that everyone who fits this description is a member of the **Settlement Class**:

All Persons in the State of Michigan who subscribed to *In Touch Weekly*; *Life & Style Weekly*; *Closer*; *J-14*; *Twist*; *M*; *Girls' World*; *Astrogirl*; *Quizfest*; *Yikes*; *Life Story*; *First for Women*;

*Woman's World*; *Soaps in Depth*; or *iD Magazine* and subsequently had their information disclosed by Bauer to a third-party.

Based on Defendant's records, there are approximately 23,000 potential Class Members.

## THE SETTLEMENT BENEFITS

| 6. What does the Settlement provide? |
| --- |

***Monetary Relief***: Defendant has created a Settlement Fund totaling $775,00.000. Class Member payments, as well as the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees, and an award to the Class Representative will also come out of this fund (*see* Question 13).

***Privacy Protections***:  In addition to this monetary relief, the Settlement also requires Defendant to:

- maintain a privacy policy that (i) informs subscribers about its policy regarding the disclosure of their subscription information to third parties (ii) contains a statement informing subscribers of their ability to opt out of such disclosures, and (iii) provides instructions on how subscribers may opt out if they wish, which shall include a mechanism by which subscribers may opt out free of charge, such as via U.S. mail, email, toll-free call, or toll-free facsimile.

- comply with opt out requests from Michigan subscribers within thirty (30) days of receipt; provided, however, that if the request does not follow the instructions set forth in the Privacy Policy, Defendant shall comply with that request to the extent practicable within one hundred fifty days (150) days.

- refrain from disclosing the Subscriber Information of new subscribers for thirty (30) days from the subscription date of purchase.

- direct new Michigan subscribers who purchase their Bauer Publications subscription(s) directly from Defendant to view its online Privacy Policy by including a written notice to that effect on its printed, online, and electronic materials that it disseminates in connection with first-time subscription orders.

***Claim Form Opt-Out Request:*** The Claim Form provides you with an opportunity to remove your name and address from any lists that Defendant discloses to third parties for marketing purposes.

A detailed description of the settlement benefits can be found in the <u>Settlement Agreement</u>. [insert hyperlink]

| 7. How much will my payment be? |
| --- |

If you are member of the Settlement Class you may submit a Claim Form for an estimated $175 payment. This payment could go up or down depending on how many Class Members file valid claims. Your payment may be reduced if the amount required to pay all claims made by the Settlement Class exceeds the amount available for claims, after paying fees and expenses, from the

Settlement Fund. In the event this occurs, each Class Member who filed a valid claim shall receive a reduced proportionate share of that Settlement Fund. On the other hand, if there is money remaining in the Settlement Fund after paying fees and expenses, from the Settlement Fund, your payment of $175 may be increased up to a maximum of $5,000. If there is still money left after paying the maximum amount, it will go to the Michigan Bar Foundation's Access to Justice Fund, a non-profit organization. You can contact Class Counsel at 1-866-354-3015 to inquire as to the number of claims filed.

### 8. When will I get my payment?

You should receive a check from the settlement administrator within 60 days after the Settlement has been finally approved and/or after any appeals process is complete. The hearing to consider the final fairness of the Settlement is scheduled for [Fairness Hearing Date.] All checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

### 9. How do I get a payment?

If you are a Class Member and you want to get a payment, you must complete and submit a Claim Form by [Claims Deadline]. Claim Forms can be found and submitted on-line or you may have received a Claim Form in the mail as a postcard attached to a summary of this notice. To submit a Claim Form on-line or to request a paper copy, go to www.michiganmagazinesettlement.net or call toll free, 1-800-000-0000.

Submitting a claim electronically is easier and more secure than submitting a claim on paper. An electronic claim is also completely free and takes only minutes.

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Class?

If the Settlement becomes final, you will give up your right to sue the Defendant for the claims being resolved by this Settlement. The specific claims you are giving up against the Defendant are described in the Settlement Agreement. You will be "releasing" the Defendant and certain of its affiliates described in Section 1.25 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Questions 12 & 18 for free, or you can talk to your own lawyer if you have questions about what this means.

### 11. What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for

the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in the case?

The Court has appointed Jay Edelson, Ari J. Scharg, and James D. Larry of Edelson PC to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 13. How will the lawyers be paid?

The Defendant has agreed to pay Class Counsel attorneys' fees and costs in an amount to be determined by the Court. The fee petition will seek no more than 33% of the Settlement Fund plus costs; the Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendant has agreed to pay $5,000 to the Class Representative from the Settlement Fund for her services in helping to bring and settle this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that <u>you want to be excluded</u> from the *Halaburda v. Bauer Publishing Co., LP*, Case No. 12-cv-12831-GCS settlement. Your letter or request for exclusion must also include your name, your address, the name of the Bauer Publication(s) to which you subscribed, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than **[objection/exclusion deadline]** to:

Magazine Subscriber Privacy Settlement
0000 Street
City, ST 00000

### 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant in the future for the claims being resolved by this Settlement.

### 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for benefits. If you exclude yourself, you also give up the right to object to the Settlement, since it won't affect you.

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.MICHIGANMAGAZINESETTLEMENT.NET

## OBJECTING TO THE SETTLEMENT

---

**17. How do I object to the Settlement?**

---

If you're a Class Member, you can object to the Settlement if you don't like it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Halaburda v. Bauer Publishing Co., LP*, No. 12-cv-12831-GCS and identify all your reasons for your objections (including any citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, the basis upon which you claim to be a Class Member (including the name of the Bauer magazine to which you are or were a subscriber), the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you or an attorney assisting you with your objection have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief objecting to the Settlement. File the objection with the Court and mail a copy to these two different places postmarked no later than **[objection deadline].**

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Hon George C. Steeh<br>c/o Clerk's Office<br>Theodore Levin<br>United States Courthouse<br>231 West Lafayette Boulevard<br>Room 564<br>Detroit, MI 48226 | Ari Scharg<br>Edelson PC<br>350 North LaSalle St.<br>Suite 1300<br>Chicago, IL 60654 | Sharon L. Schneier<br>Davis Wright Tremaine LLP<br>1633 Broadway, 27th Floor<br>New York, NY 10019 |

---

**18. What's the difference between objecting and excluding myself from the Settlement?**

---

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [time] on **Month 00, 2014** in Room 236 at the Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, MI 48226. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check www.[website].net or call 1-800-000-0000. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense, as long as you let the Court know in advance of your intent to speak (*see* Question 17). If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Halaburda v. Bauer Publishing Co., LP*, No. 12-cv-12831-GCS." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]**, and be sent to the addresses listed in Question 17.

# GETTING MORE INFORMATION

### 22. Where do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.[website].net. You may also write with questions to Magazine Subscriber Privacy Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-866-354-3015, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.