# Exhibit 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

CINDY HALABURDA, individually and on
behalf of all others similarly situated,

                              Plaintiff,

      v.

BAUER PUBLISHING CO., LP, a
Delaware Partnership,

                            Defendant.

Case No. 2:12-cv-12831-GCS-RSW

Hon. George C. Steeh

## DECLARATION OF SHAWN SCHNEIDER

I, Shawn Schneider, hereby declare and state as follows:

1.     My name is Shawn Schneider. I have personal knowledge of the matters set forth herein, and I believe them to be true and correct. If called upon to testify, I could and would testify consistently herewith.

2.     I am a Project Manager for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), the Settlement Administrator in the above-captioned case. Epiq was established in 1968 as a client services and data processing company. Epiq has been administering bankruptcies since 1985 and settlements since 1993, including settlements of class actions, Federal Trade Commission disgorgement actions, insurance disputes, bankruptcies, and other major litigation. Epiq has administered more than 1,000 settlements of complex cases, including some of the largest and most complex cases ever settled. Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment and implementation of notice fulfillment services, coordination with the United States Postal Service ("USPS"), notice website development and maintenance, dedicated phone lines with recorded information and/or live operators, receipt and processing of opt-outs, claims database management, claim adjudication, funds management, and award calculations and distribution

services. Epiq works with the settling parties, the Court, and the Class Members in a neutral facilitation role to implement settlement administration services based on the negotiated terms of a settlement.

### Overview of Epiq's Responsibilities in this Case

3.      Epiq was chosen by the Parties, and appointed by the Court, to administer all aspects of the notice and claims process under the Settlement of the above-captioned case.  On behalf of Epiq, I have reviewed the Settlement Agreement and the Preliminary Approval Order in this case.  Epiq has complied with all notice requirements contained in both of these documents.  Specifically, Epiq's responsibilities in connection with this Settlement included mailing direct Notice to Settlement Class Members, return mail processing, phone system support, the publication and maintenance of the Settlement Website and compiling requests to opt out of the Settlement and objections.  Epiq's efforts in this regard are further detailed below.

### Individual Notice

4.      On October 8, 2014, Epiq received data files from Bauer Publishing Co., LP containing mailing addresses for potential members of the Settlement Class.   These files contained the names of approximately 40,188 potential Settlement Class Members. Subsequently, Epiq removed duplicate records and prepared to mail the Postcard Notice to 40,183 potential members of the Settlement Class.

5.      Prior to the initial mailing of the Postcard Notice, the postal mailing addresses obtained were checked against the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS"), which contains records of all reported permanent address changes for the past four years.  In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code and verified through the Delivery Point Validation ("DPV") service to verify the accuracy of the addresses.  This

address updating process is standard practice in the settlement administration industry and for the majority of promotional mailings in the United States.

6.    On August 11, 2014, Epiq sent the Postcard Notices by USPS First Class Mail to the addresses obtained through the procedures set forth above.  Each mailing included a two image 4.25" x 5.5" Postcard Notice.

7.    A copy of the Postcard Notice is included herewith as **Exhibit A.**

8.    In addition, the records obtained from Bauer Publishing Co., LP also included 1547 valid email addresses for potential Settlement Class Members.

9.    A copy of the email Notice is included as **Exhibit B.**

10.    Accordingly, as of December 22, 2014, Epiq has sent 44,008 notices by email or Postcard to potential members of the Settlement Class.  Of the Notices sent, 2,467 were undeliverable.

11.    The return address on the Postcard Notice is a post office box maintained by Epiq. As of December 22, 2014, 233 Postcard Notices have been returned to Epiq as undeliverable. Epiq has re-mailed 29 Postcard Notices primarily for addresses that were corrected through the USPS.

### Settlement Website

12.    Epiq caused the Settlement Website (www.michiganmagazinesettlement.net) to go live on October 6, 2014, and it has been in continuous operation since that date.  The website address has been displayed prominently in all notice documents.  By visiting this Settlement Website, Settlement Class Members can view additional information about the Settlement, including the Settlement Agreement, the Preliminary Approval Order, Plaintiff's Motion for Attorneys' Fees, Expenses, and Incentive Award, the Detailed Notice and a list of frequently

asked questions and answers. The Settlement Website also allows individuals to submit claims electronically.

13. A copy of the Detailed Notice posted on the Settlement Website is included as **Exhibit C.**

### *Requests for Additional Information*

14. As of December 22, 2014, Epiq received 5 requests for a copy of the Claim Form. Epiq mailed copies of the Claim Form to those who requested it. A downloadable, printable version of the Claim Form is also available on the Settlement Website.

15. A copy of the Claim Form is included as **Exhibit D.**

### *Opt Outs and Objections*

16. As of December 22, 2014, Epiq has received a total of Nine (9) unique requests from persons seeking to opt out (i.e., to be excluded) from the Settlement. Each of those requests was timely and valid. To be considered timely, an opt-out request must have been postmarked on or prior to December 1, 2014. To be considered validly submitted, an opt-out request must have included the name, address, telephone number and signature of the member of the Settlement Class opting out, as well as a statement that he or she wishes to exclude himself or herself from the Settlement.

17. A list of all opt-out requests received by Epiq is attached as **Exhibit E.**

18. As of December 22, 2014, Epiq has not received any objections to the Settlement.

19. On September 15, 2014, Epiq sent two CAFA Notice packages ("Notice"). The Notice was mailed by certified mail to the Attorney General of Michigan and by United Parcel Service ("UPS") to the Attorney General of the United States.

20. A copy of The CAFA Notice Declaration is included as **Exhibit F.**

21.     Bauer Publishing Co., LP provided $775,000.00 to fund a settlement account created by Epiq Systems. According to the terms of the Settlement Agreement, the Settlement Administrator, Class Counsel, the Class Representative(s), and successful claimants will be paid from this account. Claimants who submit a timely, valid, and procedurally sufficient claim form will receive a pro-rata share of the settlement fund.  The estimated amount to be paid to each claimant is approximately $74.00. This is an estimate and may change as additional claims are filed and the claims review process continues.

                    *                    *                    *

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed the 22nd day of December 2014 at 10:30 am PDT, Washington County Oregon.


                                        Shawn Schneider

# Exhibit 4-A

COURT AUTHORIZED NOTICE OF
CLASS
ACTION AND PROPOSED
SETTLEMENT

OUR RECORDS INDICATE
YOU HAVE SUBSCRIBED
TO A BAUER PUBLISHING
MAGAZINE AND MAY BE
ENTITLED TO A PAYMENT
FROM A CLASS ACTION
SETTLEMENT.

Magazine Subscriber Privacy
Settlement Administrator
P.O. Box 4109
Portland, OR 97208-4109

<<Mail ID>>
Postal Service: Please do not mark barcode

<<First1>> <<Last1>>
<<C/O>>
<<Addr1>> <<Addr2>>
<<City>>, <<St>> <<Zip>> <<Country>>

By Order of the Court Dated: September 26,
2014

M6851 v.10 10.08.2014

## MAGAZINE SUBSCRIBER PRIVACY SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY FEBRUARY 19, 2015 OR FORTY-FIVE (45) DAYS FROM THE DATE OF FINAL JUDGMENT, WHICHEVER IS LATER, AND MUST BE FULLY COMPLETED, SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____  _____  _____

Street Address: _____

City: _____  State: _____  ZIP Code: _____

Email Address (optional): _____

Contact Phone #: ( _____ ) _____ – _____ (You may be contacted if further information is required.)

<u>Opt Out of Marketing Disclosures</u>: If you would like to remove your name and address from lists that Defendant provides to third parties for marketing purposes, check here ☐

<u>Class Member Verification</u>: By submitting this Claim Form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (Each box must be checked to receive a payment.):

☐ I am a resident of the state of Michigan and have subscribed to at least one of the following magazines before September 26, 2014: *In Touch Weekly, Life & Style Weekly, Closer, J-14, Twist, M, Girls' World, ASTROgirl, QuizFest, Yikes!, Life Story, First for Women, Woman's World, Soaps in Depth, or iD Magazine.*

☐ Before subscribing, I was unaware the magazine publisher would disclose my subscription information to third parties for marketing purposes.

☐ Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____  Date: _____ / _____ / _____

Print Name: _____

The Settlement Administrator will review your Claim Form. If accepted, you will be mailed a check for $175 or a greater or lesser *pro rata* share depending on the number of valid Claim Forms received. This process takes time. Please be patient.

A settlement has been reached in a class action lawsuit claiming that Defendant magazine publisher Bauer Publishing Co. disclosed its customers' subscription information without permission to third parties for marketing purposes. The Plaintiff claims the disclosure of this information violated Michigan privacy law and breached Defendant's contracts with its customers. The Defendant denies it violated any law but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are Michigan residents who subscribed to one or more of these magazines prior to September 26, 2014: *In Touch Weekly, Life & Style Weekly, Closer, J-14, Twist, M, Girls' World, ASTROgirl, QuizFest, Yikes!, Life Story, First for Women, Woman's World, Soaps in Depth, and iD Magazine.*

**What Can I Get?** If the Court approves, Defendant will establish a Settlement Fund of $775,000.00 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an award to the Class Representative. If you are entitled to relief, you may submit a claim to receive an estimated cash payment of $175.00, which may go up or down depending on the number of valid claims submitted. The settlement requires Defendant to (1) inform its customers that their subscription information may be disclosed for marketing purposes, and (2) provide a way for customers to opt out of such disclosures.

**How Do I Get a Payment?** You must submit a timely and properly completed Claim Form no later than February 19, 2015, or forty-five (45) days from the date of final judgment, whichever is later. You may use the Claim Form attached to this Notice or submit one online at www.michiganmagazinesettlement.net.

**What Are My Other Options?** You may exclude yourself from the Settlement Class by sending a letter to the Settlement Administrator no later than December 1, 2014. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than **December 1, 2014**. Specific instructions about how to object to, or exclude yourself from, the settlement are available at **www.michiganmagazinesettlement.net**. If you file a claim or do nothing, and the Court approves the settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure or subscriber information in this case against the Defendant will be released.

**Who Represents Me?** The Court has appointed lawyers Jay Edelson, Ari J. Scharg, and James D. Larry from Edelson PC to represent the Settlement Class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at **11:00 a.m.** on **January 5, 2015** at the Theodore Levin United States Courthouse, Courtroom 236, 231 W. Lafayette Blvd., Detroit, MI 48226. At that hearing, the Court will hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative $5,000 from the Settlement Fund for her services in helping to bring and settle this case. Defendant has agreed to pay Class Counsel in an amount to be determined by the Court. Class Counsel will seek no more than 33% of the Settlement Fund plus costs; the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form, and Settlement Agreement, go to **www.michiganmagazinesettlement.net**; contact the Settlement Administrator at Magazine Subscriber Privacy Settlement Administrator, P.O. Box 4109 Portland, OR 97208; or call Class Counsel at 1-866-354-3015.

M6853 v.10 10.08.2014



PLACE
STAMP
HERE

Magazine Subscriber Privacy
Settlement Administrator
PO Box 4109
Portland, OR 97208-4109

M6854 v.10 10.08.2014

# Exhibit 4-B

From: **Magazine Subscriber Privacy Settlement Administrator**
<noreply@michiganmagazinesettlement.net>
Date: Sat, Oct 11, 2014 at 3:04 PM
Subject: HTML Sample -- Magazine Subscriber Privacy Settlement Notice
To: jeffhansen22@gmail.com

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Halaburda v. Bauer Publishing Co., LP*, No. 12-cv-12831-GCS-RSW
**(United States District Court for the Eastern District of Michigan)**

This Notice informs you of the Settlement of a Class Action lawsuit with magazine publisher Bauer Publishing Co, LP., the Defendant in the case identified above. Plaintiff Cindy Halaburda alleges Defendant disclosed its customers' subscription information to third parties for marketing purposes without permission, in violation of Michigan privacy law and in breach of Defendant's contracts with its customers.  Defendant denies any wrongdoing, but has agreed to settle the claims against it.

**Am I included?** You are included if you live in the state of Michigan and subscribed to one or more of the following magazines prior to September 26, 2014: *In Touch Weekly*, *Life & Style Weekly*, *Closer*, *J-14*, *Twist*, *M*, *Girls' World*, *Astrogirl*, *Quizfest*, *Yikes*, *Life Story*, *First for Women*, *Woman's World*, *Soaps in Depth*, or *iD Magazine*. More information is available at: www.michiganmagazinesettlement.net.

**What do I get?** Defendant will establish a Settlement Fund of $775,000.00 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award to the Class Representative. If you are entitled to relief, you may submit a claim to receive an estimated cash payment of $175.00, which may go up or down depending on the number of valid claims submitted. The Settlement also requires Defendant to inform its customers that their subscription information may be disclosed to third parties for marketing purposes and provide a simple way for its customers to opt out of those disclosures.

**How do I receive a payment?**  To receive a payment, you must submit a claim form by mail or online. You may submit the claim form online at www.michiganmagazinesettlement.net or download a claim form from the website and submit it to the Claims Administrator by mail. You may also request a paper copy of the claim form by writing to the Claims Administrator at the address below, or by calling toll-free 1-866-354-3015. Your claim form must be submitted online, or postmarked by **February 19, 2015 or within forty-five (45) days** after the Court issues an order granting final approval, whichever comes later.

**Additional rights.** To get out of the Settlement, you must exclude yourself by **December 1, 2014**. If you stay in the Settlement, you will not be able to sue Defendant for any claims released as part of the Settlement. If you disagree with any part of the Settlement and do not exclude yourself, you may object to the Settlement by **December 1, 2014**. The Court will hold a hearing on **January 5, 2015** at **11:00 a.m.** to consider whether to approve the Settlement as well as the request for attorneys' fees (up to 33% of the Settlement Fund), expenses, and a Class

Representative award of $5,000. The Court has appointed attorneys to represent the Settlement Class.  However, you may hire a separate attorney to represent you at your own expense.

**For more information**, including a more detailed notice, claim forms, a copy of the Settlement Agreement and other court documents, please visit www.michiganmagazinesettlement.net, call Class counsel at 1-866-354-3015, or write to the Claims Administrator at Magazine Subscriber Privacy Settlement, P.O. Box 4109 Portland, OR 97208-4109.

If you would prefer not to receive further messages from this sender, please Click Here and confirm your request.

# Exhibit 4-C

<u>UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN</u>
*Halaburda v. Bauer Publishing Co., LP*, Case No. 2:12-cv-12831-GCS-RSW

**IF YOU SUBSCRIBED TO A BAUER PUBLISHING MAGAZINE PRIOR TO SEPTEMBER 26, 2014, YOU MAY BE PART OF A CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this Notice.  You are not being sued. This is not a solicitation from a lawyer.*

- The parties have reached a settlement in a class action lawsuit against magazine publisher Bauer Publishing Co, LP, who is the Defendant. The class action lawsuit involves allegations that Bauer disclosed without permission information about its subscribers and their subscriptions to third parties for marketing purposes in violation of Michigan privacy law and in breach of Bauer's contracts with its customers.

- You are included if you are a Michigan resident who subscribed to one or more of the following magazines prior to September 26, 2014: *In Touch Weekly*; *Life & Style Weekly*; *Closer*; *J-14*; *Twist*; *M*; *Girls' World*; *ASTROgirl*; *QuizFest*; *Yikes!*; *Life Story*; *First for Women*; *Woman's World*; *Soaps in Depth*; and *iD Magazine*.

- Those included in the settlement will be eligible to receive an estimated payment of $175.  Bauer has also agreed to put in place procedures to inform subscribers that information about them and their subscriptions may be disclosed to third parties, and provide a simple way for people to opt out of these disclosures.

- Please read this Notice carefully. Your legal rights are affected whether you act or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the settlement.  You can do this only if you don't exclude yourself. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the settlement.  You can do this only if you don't exclude yourself. |
| **DO NOTHING** | You won't get a share of the settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

### 1.   Why was this Notice issued?

A Court authorized this Notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the settlement. This Notice explains the lawsuit, the settlement, and your legal rights.

The Honorable George C. Steeh, of the U.S. District Court for the Eastern District of Michigan (Detroit), is overseeing this case. The case is known as *Halaburda v. Bauer Publishing Co., LP*, No. 2:12-cv-12831-GCS-RSW. The person who sued is called the Plaintiff. The Defendant is Bauer Publishing Co., LP.

## 2.   What is a class action?

In a class action, one or more people called "class representatives" (in this case, Cindy Halaburda) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the Court resolves the issues for all class members, except for those who exclude themselves from the class.

## 3.   What is this lawsuit about?

This lawsuit claims that Defendant disclosed without permission personal information about its subscribers—including full names, addresses, and magazine subscription titles—to third parties for marketing purposes. The Plaintiff claims the disclosure of this information violated Michigan's Video Rental Privacy Act, M.C.L. §§ 445.1712 ("VRPA") and breached Defendant's contracts with its customers. The Michigan VRPA prohibits the disclosure of consumers' reading choices, among other things, and provides statutory damages in the amount of $5,000. The Defendant denies it violated any law.

The Court has not determined who is right.  Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

## 4.   Why is there a settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case.  Instead, both sides agreed to a settlement.  That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Settlement Class Members will get compensation now rather than years from now, if at all.

## WHO'S INCLUDED IN THE SETTLEMENT?

## 5.   How do I know if I am in the Settlement Class?

The Court decided that everyone who fits this description is a member of the **Settlement Class**:

All Persons in the state of Michigan who subscribed to one or more of the following magazines prior to September 26, 2014: *In Touch Weekly*; *Life & Style Weekly*; *Closer*; *J-14*; *Twist*; *M*; *Girls' World*; *ASTROgirl*; *QuizFest*; *Yikes!*; *Life Story*; *First for Women*; *Woman's World; Soaps in Depth*; or *iD Magazine* and subsequently had their information disclosed by Bauer to a third party.

Based on Defendant's records, there are approximately 23,000 potential Settlement Class Members.

## THE SETTLEMENT BENEFITS

## 6.   What does the settlement provide?

*Monetary Relief*: Defendant has created a Settlement Fund totaling $775,000.00. Settlement Class Member payments, as well as the cost to administer the settlement, the cost to inform people about the settlement, attorneys' fees, and an award to the Class Representative will also come out of this fund (*see* Question 13).

*Privacy Protections*: In addition to this monetary relief, the settlement also requires Defendant to do the following:

* Maintain a privacy policy that (i) informs subscribers about its policy regarding the disclosure of their subscription information to third parties, (ii) contains a statement informing subscribers of their ability to opt out of such disclosures, and (iii) provides instructions on how subscribers may opt out if they wish, which shall include a mechanism by which subscribers may opt out free of charge, such as via U.S. mail, email, toll-free call, or toll-free facsimile.

- Comply with opt-out requests from Michigan subscribers within thirty (30) days of receipt; provided, however, that if the request does not follow the instructions set forth in the Privacy Policy, Defendant shall comply with that request to the extent practicable within one hundred fifty days (150) days.

- Refrain from disclosing the Subscriber Information of new subscribers for thirty (30) days from the subscription date of purchase.

- Direct new Michigan subscribers who purchase their Bauer Publications subscription(s) directly from Defendant to view its online Privacy Policy by including a written notice to that effect on its printed, online, and electronic materials that it disseminates in connection with first-time subscription orders.

***Claim Form Opt-Out Request***: The Claim Form provides you with an opportunity to remove your name and address from any lists that Defendant discloses to third parties for marketing purposes.

### 7.    How much will my payment be?

If you are member of the Settlement Class, you may submit a Claim Form to receive an estimated $175 payment. This payment could go up or down depending on how many Settlement Class Members file valid claims. Your payment may be reduced if the amount required to pay all claims made by the Settlement Class exceeds the amount available for claims, after paying fees and expenses, from the Settlement Fund.  In the event this occurs, each Settlement Class Member who filed a valid claim shall receive a reduced proportionate share of that Settlement Fund. On the other hand, if there is money remaining in the Settlement Fund after paying fees and expenses, your payment of $175 may be increased up to a maximum of $5,000.  If there is still money left after paying the maximum amount, it will go to the Michigan Bar Foundation's Access to Justice Fund, a nonprofit organization. You can contact Class Counsel at 1-866-354-3015 to inquire as to the number of claims filed.

### 8.    When will I get my payment?

You should receive a check from the Settlement Administrator within 60 days after the settlement has been finally approved and/or after any appeals process is complete.  The hearing to consider the final fairness of the settlement is scheduled for **January 5, 2015**.  All checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

### 9.    How do I get a payment?

If you are a Settlement Class Member and you want to get a payment, you must submit a timely and properly completed Claim Form no later than February 19, 2015, or forty-five (45) days from the date of final judgment, whichever is later.  Claim Forms can be found and submitted online, or you may have received a Claim Form in the mail as a postcard attached to a summary of this Notice.  To submit a Claim Form online or to request a paper copy, go to www.michiganmagazinesettlement.net or call toll-free 1-866-354-3015.

Submitting a claim electronically is easier and more secure than submitting a claim on paper.  An electronic claim is also completely free and takes only minutes.

## REMAINING IN THE SETTLEMENT

### 10.    What am I giving up if I stay in the Settlement Class?

If the settlement becomes final, you will give up your right to sue the Defendant for the claims being resolved by this settlement.  The specific claims you are giving up against the Defendant are described in the Settlement

Agreement.  You will be "releasing" the Defendant and certain of its affiliates described in Section 1.25 of the Settlement Agreement.  Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not.  The Settlement Agreement is available through the "Important Documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully.  If you have any questions, you can talk to the lawyers listed in Questions 12 & 17 for free, or you can talk to your own lawyer if you have questions about what this means.

## 11.  What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this settlement.

## THE LAWYERS REPRESENTING YOU

## 12.  Do I have a lawyer in the case?

The Court has appointed Jay Edelson, Ari J. Scharg, and James D. Larry of Edelson PC to be the attorneys representing the Settlement Class.  They are called "Class Counsel."  They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer in this case, you may hire one at your expense.

## 13.  How will the lawyers be paid?

The Defendant has agreed to pay Class Counsel attorneys' fees and costs in an amount to be determined by the Court.  The fee petition will seek no more than 33% of the Settlement Fund plus costs; the Court may award less than this amount.  Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendant has agreed to pay $5,000 to the Class Representative from the Settlement Fund for her services in helping to bring and settle this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

## 14.  How do I get out of the settlement?

To exclude yourself from the settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that **you want to be excluded** from the *Halaburda v. Bauer Publishing Co., LP*, Case No. 2:12-cv-12831-GCS-RSW settlement.  Your letter or request for exclusion must also include your name, your address, the name of the Bauer Publication(s) to which you subscribed, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than **December 1, 2014** to the following address:

Magazine Subscriber Privacy Settlement Administrator
P.O. Box 4109
Portland, OR 97208-4109

4

Questions? Call 1-866-354-3015 toll free, or visit www.michiganmagazinesettlement.net

M7304 v.07 10.07.2014

**15.   If I don't exclude myself, can I sue the Defendant for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue the Defendant in the future for the claims being resolved by this settlement.

**16.   If I exclude myself, can I get anything from this settlement?**

No.  If you exclude yourself, do not submit a Claim Form to ask for benefits.  If you exclude yourself, you also give up the right to object to the settlement, since it won't affect you.

## OBJECTING TO THE SETTLEMENT

**17.   How do I object to the settlement?**

If you're a Settlement Class Member, you can object to the settlement if you don't like it.  You can give reasons why you think the Court should not approve it, and the Court will consider your views.  To object, you must file with the Court a letter or brief stating that you object to the settlement in *Halaburda v. Bauer Publishing Co., LP*, No. 2:12-cv-12831-GCS-RSW, identify all your reasons for your objections (including any citations and supporting evidence), and attach any materials you rely on for your objections.  Your letter or brief must also include your name, your address, the basis upon which you claim to be a Settlement Class Member (including the name of the Bauer magazine to which you are or were a subscriber), the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature.  If you or an attorney assisting you with your objection have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption.  You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on the website its request for attorneys' fees by **November 17, 2014**.

If you want to appear and speak at the Final Approval Hearing to object to the settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief objecting to the settlement.  File the objection with the Court and mail a copy to the following addresses, postmarked no later than **December 1, 2014**.

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Hon. George C. Steeh<br>c/o Clerk's Office<br>Theodore Levin<br>United States Courthouse<br>231 West Lafayette Boulevard<br>Room 238<br>Detroit, MI 48226 | Ari Scharg<br>Edelson PC<br>350 North LaSalle St.<br>Suite 1300<br>Chicago, IL 60654 | Sharon L. Schneier<br>Davis Wright Tremaine LLP<br>1633 Broadway, 27th Floor<br>New York, NY 10019 |

**18.   What's the difference between objecting and excluding myself from the settlement?**

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class.  Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**19.  When and where will the Court decide whether to approve the settlement?**

The Court will hold the Final Approval Hearing at **11:00 am** on **January 5, 2015**, in Room 236 at the Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, MI 48226. The purpose of the hearing will be for the Court to determine whether to approve the settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative.  At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check www.michiganmagazinesettlement.net or call 1-866-354-3015.  If, however, you timely objected to the settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

**20.  Do I have to come to the hearing?**

No.  Class Counsel will answer any questions the Court may have.  But you are welcome to come at your own expense, as long as you let the Court know in advance of your intent to speak (*see* Question 17).  If you send an objection or comment, you don't have to come to Court to talk about it.  As long as you filed and mailed your written objection on time, the Court will consider it.  You may also pay another lawyer to attend, but it's not required.

**21.  May I speak at the hearing?**

Yes.  You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Halaburda v. Bauer Publishing Co., LP*, No. 2:12-cv-12831-GCS-RSW." It must include your name, address, telephone number, and signature as well as the name and address of your lawyer, if one is appearing for you.  Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **December 1, 2014**, and be sent to the addresses listed in Question 17.

## GETTING MORE INFORMATION

**22.  Where do I get more information?**

This Notice summarizes the settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.michiganmagazinesettlement.net. You may also write with questions to Magazine Subscriber Privacy Settlement, P.O. Box 4109, Portland, OR 97208-4109 or contact Class Counsel at 1-866-354-3015 if you have any questions.  Before doing so, however, please read this full Notice carefully.  You may also find additional information elsewhere on the case website.

6

M7306 v.07 10.07.2014      Questions? Call 1-866-354-3015 toll free, or visit www.michiganmagazinesettlement.net

# Exhibit 4-D

## MAGAZINE SUBSCRIBER PRIVACY SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY FORTY-FIVE (45) DAYS FROM THE DATE OF FINAL JUDGEMENT AND MUST BE FULLY COMPLETED, SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

**Instructions:** Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____  _____  _____

Street Address: _____

City: _____ State: _____ ZIP Code: _____

Email Address (optional): _____

Contact Phone #: ( _____ ) _____ (You may be contacted if further information is required.)

Opt Out of Marketing Disclosures: If you would like to remove your name and address from lists that Defendant provides to third parties for marketing purposes, check here ☐

Class Member Verification: By submitting this Claim Form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (Each box must be checked to receive a payment.):

☐   I am a resident of the state of Michigan and have subscribed to at least one of the following magazines before September 26, 2014: *In Touch Weekly, Life & Style Weekly, Closer, J-14, Twis*t, *M, Girls' World, ASTROgirl, QuizFest, Yikes!, Life Story, First for Women, Woman's World, Soaps in Depth*, or *iD Magazine.*

☐   Before subscribing, I was unaware the magazine publisher would disclose my subscription information to third parties for marketing purposes.

☐   Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____ Date: _____ / _____ / _____

Print Name: _____

The Settlement Administrator will review your Claim Form. If accepted, you will be mailed a check for $175 or a greater or lesser *pro rata* share depending on the number of valid Claim Forms received. This process takes time. Please be patient.

**Questions, visit www.michiganmagazinesettlement.net or call 1-866-354-3015.**

# Exhibit 4-E

**Halaburda v Bauer Opt Out Report 12/15/2014**

| Tracking Number | Key Name | Postmark Date | Receive Date |
|---|---|---|---|
| 345 | ALDINA RITTER | 11/10/2014 | 11/13/2014 |
| 4043 | JARI MCCOY | 11/5/2014 | 11/10/2014 |
| 4748 | NYLA SMITH | | 10/24/2014 |
| 5296 | JEAN ADAMS | 10/23/2014 | 10/28/2014 |
| 10593 | BETTY J PEDLER | 10/23/2014 | 10/27/2014 |
| 27614 | LOIS LARSEN | 10/18/2014 | 10/20/2014 |
| 35072 | MARILYNN R WOOD | 11/5/2014 | 11/7/2014 |
| 36876 | FRANCINIA MILLER | 11/10/2014 | 11/14/2014 |
| 41149 | CYNTHIA BRISKY | 10/20/2014 | 11/5/2014 |

# Exhibit 4-F

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

CINDY HALABURDA, individually,
and on behalf of all others similarly
situated,

               Plaintiff,

    v.

BAUER PUBLISHING CO., LP, a
Delaware Partnership,

               Defendant.

Case No. 2:12-cv-12831-GCS-RSW

[Hon. George C. Steeh]

[Magistrate Judge R. Steven Whalen]

**DECLARATION OF STEPHANIE J. FIERECK, ESQ.
ON IMPLEMENTATION OF CAFA NOTICE**

I, STEPHANIE J. FIERECK, ESQ., hereby declare and state as follows:

    1.    My name is Stephanie J. Fiereck, Esq.  I am over the age of 21 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

    2.    I am the Legal Notice Manager for Epiq Legal Noticing, a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.

    3.    Epiq Legal Noticing is a division of Epiq Systems ("Epiq"), a firm with more than 20 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service, claims database management, claim adjudication, funds management and distribution services.

**DECLARATION OF STEPHANIE J. FIERECK, ESQ.
ON IMPLEMENTATION OF CAFA NOTICE**

4.      The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

**CAFA NOTICE IMPLEMENTATION**

5.      Counsel for Defendant Bauer Publishing Co, identified two officials to receive the CAFA notice: the Attorney General of the United States and the Attorney General of Michigan.

6.      Prior to mailing, the two names and addresses were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

7.      On September 15, 2014, Epiq sent two CAFA Notice Packages ("Notice").  The Notice was mailed by certified mail to the Attorney General of Michigan and by United Parcel Service ("UPS") to the Attorney General of the United States.  The CAFA Notice Service List (USPS Certified Mail and UPS) is attached hereto as **Attachment 1**.

8.      The materials sent to each official included a cover letter.  The cover letter is attached hereto as **Attachment 2**.

9.      Each cover letter was accompanied by a CD, which included the following:

        a.      Class Action Complaint;

        b.      Amended Class Action Complaint;

        c.      Settlement Agreement (with exhibits including Forms of Notice); and

        d.      [Proposed] Preliminary Approval Order.

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the quality of their ZIP + 4, CRIS and 5-digit coding accuracy.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 7, 2014.

Stephanie J. Fiereck, Esq.

Attachment 1

**CAFA Notice Service List**

**USPS**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Department of Attorney General | Bill Schuette | PO Box 30212 | | Lansing | MI | 48909 |

**CAFA Notice Service List**

**UPS**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---------|----------|----------|----------|------|-------|-----|
| US Department of Justice | Eric H Holder Jr | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |

# Attachment 2

**NOTICE ADMINISTRATOR FOR UNITED STATES DISTRICT COURT**

HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503 350 5800
DL-CAFA@epiqsystems.com

9/15/14

Dear Sir or Madame:

| Class Action Fairness Act – Notice to Federal and State Officials |
| :---: |

As required by the "Class Action Fairness Act," 28 U.S.C. §1715(b), please take note of a proposed settlement. This notice has been sent by Bauer Publishing Co., LP, the defendant in the below captioned case:

- **Case:** *Halaburda v. Bauer Publishing Co. LP,* Case No. 12-cv-12831-CGS-RSW

- **Court:** United States District Court for the Eastern District of Michigan, Southern Division

- **Defendant:** Bauer Publishing Co. LP

- **Judicial Hearing Scheduled:** The Court has not yet scheduled a Final Fairness Hearing. At the time of the hearing, these matters may be continued without further notice.

- **Documents Enclosed:** Copies of the following documents are contained on the enclosed CD in Adobe Acrobat PDF format. If you do not have Acrobat it may be obtained for free at http://www.adobe.com/products/acrobat/readstep2.html:

    o Class Action Complaint;

    o Amended Class Action Complaint;

    o Settlement Agreement (with exhibits including Forms of Notice); and

    o [Proposed] Preliminary Approval Order

- **Geographic Location of Class Members:** 100% of the class members reside in the state of Michigan. Due to the nature of the claims, it is not feasible at this time to provide the names of individual class members.

Enclosures